UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARCO SASSONE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DARRELL T. COKER, DARRELL R. COKER, an individual; RICHARD MORELLO, an individual; DARRYL MCCULLOUGH, an individual; THE JELLO'S JIGGLIN, LLC d/b/a Postal Annex; DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 2:16-cv-03037-APG-PAL<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>(ECF No. 12) |

　　　　Defendant Darrell T. Coker removed this case to federal court on December 30, 2016. The plaintiff moves to remand to state court. ECF No. 12. Because none of the defendants timely joined in the removal, I will remand the case.

　　　　Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

　　　　Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to removal within 30 days of the notice of removal. *Pattison v. Nevada Dept. of Corrections*, Case No. 3:14-cv-00020-MMD-VPC, 2014 WL 2506467 *3 (D. Nev. June

3, 2014). The lack of all defendants joining in removal is a procedural defect requiring remand unless waived. *National Roofing Industry Pension Plan v. Acropolis Investments, Ltd.*, Case No. 2:10-cv-1882-JCM-LRL, 2011 WL 830269 *2 (D. Nev. March 4, 2011).

Given Coker's December 30, 2016 removal notice, the other defendants were required to join in removal by January 29, 2017. Not all defendants did so. Defendants Darryl McCullough and The Jello's Jigglin, LLC did not join in the removal because they did not want the case heard in federal court. ECF No. 5 at 2:23-27. These two defendants later changed counsel and filed a notice of joinder in removal, but that was filed 24 days late. ECF No. 20. Defendant Richard Morello never joined in the removal. Because none of other the defendants timely joined in the removal, remand is required.

Coker attempts to avoid remand by arguing that under 28 U.S.C. § 1454(b), the "rule of unanimity" does not apply. That statute provides that "removal of an action under [§ 1454] shall be made in accordance with section 1446, except that **if the removal is based solely on this section** (1) the action may be removed by any party . . . ." 28 U.S.C. § 1454(b) (emphasis added). This language does not address the rule of unanimity, and Coker points to no case interpreting it in that way. Moreover, Coker did not remove this case "based solely on" § 1454. Rather, his notice of removal states that "removal is proper pursuant to 28 U.S.C. §§ 1454 and 1441." ECF No. 1 at 2:10. Thus, unanimity is not excused in this case by § 1454(b).

Finally, Coker alleges that unanimity is excused if the non-joining defendants are merely "nominal defendants." ECF No. 14 at 10-11. However, the other defendants in this case are not nominal. The Amended Complaint asserts substantive and serious claims against them. *See, e.g.,* ECF No. 1-1 at ¶¶ 22-25, 31-36, 61-65, 68-71. Because the defendants have an interest in the outcome of this action and are not joined merely to perform ministerial acts in furtherance of the plaintiff's requested relief, they are not nominal parties. *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000).

/ / / /

/ / / /

IT IS THEREFORE ORDERED that the plaintiff's motion to remand **(ECF No. 12) is GRANTED**. This case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: March 13, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE